SEBASTIAN T. RANDOLPH
4746 S. 29TH TER
PHOENIX, ARIZONA  85040
PHONE:  (602) 736-7383
EMAIL: srandolp@asu.edu

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

OCT 1 5 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SEBASTIAN RANDOLPH, PLAINTIFF
IS APPEARING PRO SE.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

SEBASTIAN T. RANDOLPH,  )
　　　　　　　　　　　　　　)    CASE NO.____ **CV25-03804-PHX-CDB**
　　　　　　　　PLAINTIFF,  )
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)    **COMPLAINT FOR EMPLOYMENT**
　　　　　　　　　　　　　　)    **DISCRIMINATION**
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)    **[JURY TRIAL DEMANDED]**
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
J.B. HUNT TRANSPORT, INC.,  )
　　　　　　　　　　　　　　)
　　　　　　　　DEFENDANT.  )
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)

## I. INTRODUCTION

1. This is an action for employment discrimination under **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e et seq., arising from Defendant's use of a

**hair follicle drug testing policy** that disproportionately impacts African American applicants and is neither job-related nor consistent with business necessity.

2. Plaintiff, an African American commercial driver with nearly a decade of experience, was denied employment by Defendant based on a **non-DOT hair follicle drug test**, despite passing the **federally mandated urinalysis**.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Arizona.

## III. PARTIES

5. Plaintiff Sebastian Randolph is a resident of Phoenix, AZ and was an applicant for employment with Defendant in Arizona.

6. Defendant J.B. Hunt Transport, Inc. is a nationwide transportation company headquartered in Arkansas and doing business in Arizona.

## IV. FACTUAL ALLEGATIONS

7. On April 8, 2025, Plaintiff received a **conditional offer of employment** from Defendant for a commercial driving position, contingent upon passing a DOT medical exam, background check, and drug screening.  **(EXHIBIT E)**

1

8. Plaintiff was instructed to complete two drug tests: a **DOT-regulated urinalysis** and a **non-DOT hair follicle test**, both scheduled at Concentra-Southwest.

9. Plaintiff believed that both tests were required under **DOT and FMCSA regulations**.

10. Plaintiff submitted to both tests on April 14, 2025. The urinalysis was negative. The hair test administered using a form labeled "For Laboratory Use Only," returned a **positive result for cocaine**.

11. Plaintiff was **never informed** that the hair test was non-mandatory or not recognized by the DOT or FMCSA.

12. Plaintiff was instructed to complete a **Substance Abuse Professional (SAP)** evaluation and a **Return-to-Duty process**, despite the **negative urinalysis**.

13. Plaintiff had already resigned from his prior job in reliance on the conditional offer and was scheduled to begin work on April 28, 2025.

14. Plaintiff was informed via email from **SAP Doctors** to a second SAP personnel member in which Plaintiff was cc-indicating the SAP personnel would be requested in the FMCSA clearinghouse prior to starting an evaluation with Plaintiff. **(Exhibit F)** The SAP Personnel followed up with an email to Plaintiff that Plaintiff would need to select her in the FMCSA clearinghouse prior to us completing the SAP assessment. **(Exhibit G): 3-3 These** emails were intended to mislead Plaintiff into believing the mandatory nature of the SAP assessment before the FMCSA could complete a return to duty process ++to operate a commercial vehicle.

15. Plaintiff was falsely induced to sign no refund policy along with an upfront payment of five hundred and five dollars ($505.00)(**Exhibit G:1-3**), before proceeding with any discussion with SAP and return to duty processes. **(Exhibit G: 2-3)**

16. The **FMCSA has publicly stated** that it does not recognize hair follicle testing as a valid method for regulatory drug screening.

17. Defendant has acknowledged that thousands of applicants who tested positive via hair testing had **negative urinalysis results** and would have otherwise been hired.

18. Hair follicle testing has been shown to **disproportionately impact African Americans** due to melanin binding, as recognized in *Jones v. City of Boston*, 752 F.3d 38 (1st Cir. 2014).

19. Defendant knew or should have known of the **scientific and procedural bias** inherent in hair testing and its **disparate impact** on African American applicants.

20. The SAP process required Plaintiff to pay $505.00 and complete multiple forms, including a No Refund Policy. Plaintiff declared under penalty of perjury that he had never used cocaine or any other illegal drugs.

21. The Medical Review Officer (MRO) informed Plaintiff that the hair test showed approximately 30 mg of cocaine metabolites, which could remain in the hair for six months to a year, despite Plaintiff's denial of any drug use.

22. Plaintiff experienced severe emotional distress, including fear of losing his CDL driving privileges, financial hardship, and reputational damage.

3

23. Plaintiff consulted the FMCSA portal and confirmed that DOT regulations only recognize urinalysis for drug screening. The hair test was administered using a form labeled "For Laboratory Use Only", and Plaintiff was never informed that it was non-mandatory or non-regulatory. **(Exhibit "B: 2-2")**

24. Plaintiff could not disseminate the Non-Mandatory Testing Form **(Exhibit "B")** from the proper FMCSA Mandatory Testing Form **(Exhibit "C: 2-2')** as the Non-Mandatory Form makes identical replications of the FMCSA Mandatory form.

25. In 2021, J.B. Hunt reported to FMCSA that over 6,400 applicants who tested positive via hair testing had negative urinalysis results and would have otherwise been hired.

26. Plaintiff alleges that J.B. Hunt's use of hair testing—despite knowing it is not federally authorized—constitutes a discriminatory employment practice under Title VII, as it disproportionately impacts African Americans due to the way melanin binds drug metabolites in hair.

27. Plaintiff is African American and asserts that J.B. Hunt's policy caused a disparate impact on him and others similarly situated, resulting in exclusion from employment opportunities based on a scientifically and procedurally flawed method.

28. Plaintiff further alleges that J.B. Hunt's pre-hire forms and communications were misleading, suggesting that only DOT-approved urinalysis was required, while imposing an additional, non-regulatory test for laboratory use only.**(Exhibit B: 2-2)**

4

29. Plaintiff seeks declaratory and injunctive relief, including the removal of adverse records, revision of J.B. Hunt's drug testing policies, and compensatory damages for emotional and economic harm.

30. Plaintiff respectfully requests that Defendant be ordered to fund and establish CDL training programs in underserved communities disproportionately affected by Defendant's discriminatory drug testing policies, including but not limited to predominantly African American neighborhoods where economic barriers and historical exclusion from commercial driving opportunities persist.

## V. CLAIMS FOR RELIEF

### Count I – Violation of Title VII (Disparate Impact)

19. Defendant's use of hair follicle testing has a **disparate impact** on African American applicants and is not justified by business necessity.

20. Less discriminatory alternatives, such as urinalysis, are available and federally recognized.

21. Defendant's policy violates 42 U.S.C. § 2000e-2(k).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

a. **Declaratory Relief**: A declaration that Defendant J.B. Hunt Transport, Inc.'s hair follicle drug testing policy constitutes unlawful racial discrimination under Title VII of the Civil Rights Act of 1964 due to its disparate impact on African American applicants.

5

b. **Injunctive Relief**: An order requiring Defendant to revise its drug testing protocols to comply strictly with DOT and FMCSA regulations, eliminating the use of hair follicle testing for pre-employment screening unless explicitly authorized by federal law.

c. **Monetary Damages**: An award of **$150,000.00** in compensatory damages for Plaintiff's economic losses, emotional distress, reputational harm, and loss of employment opportunity resulting from Defendant's discriminatory and misleading practices.

d. **Programmatic Relief**: An order compelling Defendant to fund and establish **CDL training programs** in underserved and predominantly African American communities, including areas where economic disadvantage and legalized drug use have historically limited access to commercial driving careers. These programs shall include:

   o Free or subsidized CDL training for minority applicants

   o Outreach partnerships with local organizations for building cdl training and testing facilities within African American communities

   o Transparent, DOT-compliant drug education screening policies for new cdl drivers

e. **Record Correction**: An order requiring Defendant to remove any adverse records related to Plaintiff's hair follicle test from its internal files and affiliated databases, and to provide written confirmation of such removal.

f. **Attorney's Fees and Costs**: An award of reasonable attorney's fees and costs incurred in bringing this action, pursuant to 42 U.S.C. § 2000e-5(k), or reimbursement of pro se litigation expenses if applicable.

g. **Further Relief**: Any other relief the Court deems just and proper to remedy the harm caused and prevent future discriminatory practices.

## VII. ADMINISTRATIVE PROCEDURE

Plaintiff filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency on **05/05/2025** and received a Notice of Right to Sue Letter, attached hereto and marked **Exhibit A.**

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: <u>OCTOBER 15, 2025</u>

Respectfully submitted,

4746 S. 29th Terrace
Phoenix, Arizona 85040
(602) 736-7383
srandolp@asu.edu

7

# EXHIBIT A

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 493-2025-01929 to the District Director at Delner Franklin-Thomas, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 493-2025-01929 to the District Director at Delner Franklin-Thomas, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT B

# PSYCHEMEDICS CORPORATION
## FORENSIC DRUG TESTING CUSTODY AND CONTROL FORM

CC20555117    J B H H F M

CCF-FF-9348

For Lab Use Only
Place LAN Barcode Label Here

| | | |
|---|---|---|
| **Employer Name, Attention, Address, Phone and Fax No.**<br>JB HUNT<br>615 J B Hunt Corporate Drive<br>LOWELL, AR 72745<br>Phone#: (479)419-3835 / Fax#: (479)419-3868 | **Detail Link ID** | **MRO Name, Attention, Address, Phone and Fax No.**<br>WORKFORCE QA - MRO Services<br>Andrew Holtz D.O.<br>2200 South Main Street  suite 475<br>SOUTH SALT LAKE, UT 84115<br>Phone#: (801)503-3495 / Fax#: (801)994-9953 |

Donor or Employee ID  364782739
Reason for Test:  Pre-Employment
Tests to be Performed:  643 - 643 HAIR AM CO FN OP PH TE
Collection Site Name:  30314 Concentra Southwest - 51st and
Address:  5340 W Buckeye Rd Ste 3
City, State and Zip:  Phoenix, AZ 85043-4700

Donor ID Verified by:  **Photo ID**
Source of Sample:  **Head**

Collector Phone No.:  **(602)233-2117**
Collector Fax No.:  **(602)484-7930**

**Airbill Link ID**

Collection Site Code:
**AZ0093**

### COMPLETED BY DONOR

I certify that I am the test subject, that the sample contained in the envelope is my sample, that it was cut close to the skin, and I witnessed the sample collector seal the sample in the envelope. I consent to the testing of the sample by Psychemedics Corporation and to the release of the test results to the named test result recipient. In consideration of the testing of my sample, where authorized by law, I hereby release Psychemedics Corporation, its officers, employees, agents and representatives from any and all liabilities or claims arising from the testing or the reporting of my results to the authorized recipient and from any use thereof.

X _____        Sebastian, ,Randolph          4/14/2025
Signature of Donor                (Print) Donor's Name (First, MI, Last)     Date (Mo/Day/Yr)

Daytime Phone No. Not Provided    Evening Phone No.  (602)736-7383    Date of Birth  8/25/1962
                                                                      Mo.  Day  Yr.

**Collector Remarks:**

I, The collector, certify that the enclosed sample was obtained with the consent of the donor, that proper identification of the donor was made, that the appropriate authorization was obtained from the donor for disclosure of the results to the above named result recipient, and that the sample was prepared for release to the delivery service transferring sample to the lab.

Jessica  Perez Vazquez          4/14/2025        X _____        2:37 PM MST
(Print) Collector's Name (First, MI, Last)    Date (Mo/Day/Yr)    Signature of Collector    Time of Collection

**RECEIVED AT LAB:** I, the,accessioner certify that,the sample identified on the form was examined upon receipt, handled using chain of custody procedures and accessioned in accordance with applicable procedures.

X _____

_____        X _____        _____
(Print) Accessioner's Name (First, MI, Last)    Signature of Accessioner    Date (Mo/Day/Yr)

Integrity Seal Intact
⬜ Yes    ⬜ No

In accordance with applicable requirements, medical review officer determination/verification is: (Circle Result)

NEGATIVE        POSITIVE        TEST CANCELLED        REFUSAL TO TEST BECAUSE

Remarks
X _____        _____        _____
Signature of Medical Review Officer    (Print) Medical Review Officer's Name (First, MI, Last)    Date (Mo/Day/Yr)

| | |
|---|---|
| Company:  **JB HUNT**<br>Reason:  **Pre-Employment**<br>Date:  **4/14/2025 2:37:39 PM**<br>Testing Lab:  **Psychemedics** | MRO:<br>CCF #:  **CC20555117**<br>Site:  **30314 Concentra Southwest - 51st and**<br>Account:  **JBHHFM** |

*DONOR RECEIPT: Should the results of the laboratory tests for the specimen identified by this form be confirmed positive, you may be contacted and asked about prescriptions or over-the-counter medications you may have taken. You may want to make a list of those medications on the back of this receipt for your own records.*

**Donor Copy**

B



## Test Request#: 17556444

FormFox Test ID:



101052237

04/08/2025 16:50

**Collection Facility:** Concentra Phoenix eCCF
5340 W Buckeye Rd Ste 3
PHOENIX,AZ 85043
Phone: (602) 233-2117
Fax: (602) 484-7930
Hours: Mon-Fri 8:00am-5:00pm

**MRO:**

Dr. Andrew Holtz D.O.
2200 South Main Street Suite 475
SALT LAKE CITY UT 84115
Phone: (801) 503-3400
Fax: (385) 549-8700

**Lab:**

Psychemedics
5832 UpperLander Way
CULVER CITY CA 90230
Phone: (800) 522-7424
Fax: (310) 216-6662
Lab Account: JBHHFM

**Bill To:**

Workforce QA
Attn: Customer  Support
2200 South Main Street Suite 475
Salt Lake City UT 84115
Phone: (801) 503-3400
Fax: (385) 549-8700

**Company Information:**

JB Hunt
615 JB Hunt Corp
 Drive
LOWELL AR 72745
DER: Brendan Long
Phone: (479) 419-3835
Fax: (479) 379-6877

**Donor Information:**

Sebastian Randolph
SSN: *****2739
Phone: (602) 736-7383
DOB: 08/25/1962

**Location Information:**

Direct to Work

## SERVICES TO BE PERFORMED:

1. Non-DOT-Hair Screen

Reason: Pre-employment Hair Test
Scheduled Date: 04/15/2025 00:00
**Testing Authority:**

## SERVICE NOTES:

**To be paid for services performed you must submit all paperwork ASAP to (email) documents@wfqa.com or (fax) (385)-549-8700.**

**Invoices must be submitted within 60 days of services provided to be eligible for payment.**

**SPECIAL REMARKS:**

If you have any questions or cannot start/complete a collection, please contact WFQA at 888-445-9479 for assistance.

**Special Instructions for alcohol tests:  J.B. Hunt has a zero tolerance policy for alcohol and drugs. If a DOT Breath Alcohol screen tests shows any level of alcohol below 0.02, complete the DOT test with a negative result. Then immediately conduct a company policy test with a confirmation test. If any detectable level of alcohol is present, report that test result to the Designated Employer Representative.**

**The Below Information Is to be Read and Acknowledged by the Donor for all Drug and Alcohol Tests**

 I acknowledge that I have been informed to take a drug and/or alcohol test. I understand that I must report to the designated test site immediately and that I may not delay in doing so for any reason. I also understand that once at the designated test site, I may not leave until the test is complete and I have been released  by the test site representative. Failure to do the above will be counted as a refusal to test and will result in denial of employment or termination  of current employment. If anything interferes with my ability to comply,  I must notify the Corporate Safety - Claims department immediately at 1-800-723-9029.  The notification does not automatically release me from my obligation to  test. I must follow the instructions of the Claims representative exactly  and my actions prior to the call or after the call may still constitute  refusal. I authorize J.B. Hunt or Transplace to provide my address and phone number to a Substance Abuse Provider organization as necessary to fulfill the  DOT-49 CFR Part 40.287.

Attention: The following instructions are to be complied with, if you are a DRIVER and are instructed to visit any clinic for a drug screen, physical re-cert, or a breath alcohol test, YOU must log this as ON-DUTY time.

JB Hunt

-------------------------------------------------                        -------------------------------------------------------

# EXHIBIT C

10

FEDERAL DRUG TESTING CUSTODY AND CONTROL FORM



8433 Quivira Road
Lenexa, KS 66215



CF20555118

SPECIMEN ID NO.          CLIENT NO. WOE,DCSS,JBH          ACCESSION NO.

OMB No. 0930-0158

**STEP 1: COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**

A. Employer Name, Address, I.D. No.
JB Hunt
615 JB Hunt Corp. Drive #E
LOWELL, AR 72745
Phone#: (479)419-3835  Fax#: (479)379-6877

Site Location
**300966**

B. MRO Name, Address, Phone No. and Fax No.
ANDREW HOLTZ DO    (MRO4491)
WORKFORCE QA/CSS
2200 S MAIN ST STE 475
SALT LAKE CITY, UT 84115
Phone#: (801)503-3493 / Fax#: (385)549-8700
mroasst@wfqa.com

C. Donor SSN, Employee I.D. No., or CDL State and No.    **AZD04875904**

D. Specify Testing Authority: ☐ HHS ☐ NRC  Specify DOT Agency: ☒ FMCSA ☐ FAA ☐ FRA ☐ FTA ☐ PHMSA ☐ USCG

E. Reason for Test: ☒ Pre-employment ☐ Random ☐ Reasonable Suspicion/Cause ☐ Post Accident ☐ Return to Duty ☐ Follow-up ☐ Other (specify) _____

F. Drug Tests to be Performed: ☒ THC, COC, PCP, OPI, AMP    ☐ THC & COC Only    ☐ Other (specify) _____
**W215**

G. Collection Site Address: 30314 Concentra Southwest -
5340 W Buckeye Rd Ste 3
Phoenix, AZ 85043-4700

Collection Site Code:
**OOM.SW**

Collector Contact Info: Phone (602)233-2117
Fax (602)484-7930
Other Natividad_sanchez@concentra.

**STEP 2: COMPLETED BY COLLECTOR (make remarks when appropriate).**    ☒ URINE    ☐ ORAL FLUID

COLLECTION: ☒ Split ☐ Single ☐ None Provided, Enter Remark.

URINE: Collector reads urine temperature within 4 minutes. Temperature between 90° and 100°F? ☒ Yes ☐ No, Enter Remark ☐ Observed, Enter Remark

ORAL FLUID: Split Type: ☐ Serial ☐ Concurrent ☐ Subdivided  Each Device Within Expiration Date? ☐ Yes ☐ No ☐ Volume Indicator(s) Observed

REMARKS:

**STEP 3:** Collector affixes seal(s) to bottle(s)/tube(s). Collector dates seal(s). Donor initials seal(s). Donor completes STEP 5 on Copy 2 (MRO Copy)

**STEP 4: CHAIN OF CUSTODY - INITIATED BY COLLECTOR AND COMPLETED BY TEST FACILITY**

I certify that the specimen given to me by the donor identified in the certification section on Copy 2 of this form was collected, labeled, sealed, and released to the Delivery Service noted in accordance with applicable federal requirements.

X _____
Signature of Collector

Jessica Perez Vazquez        4/14/2025     2:30 MST ☒ PM ☐ AM
(PRINT) Collector's Name (First, MI, Last)   Date (Mo/Day/Yr)   Time of Collection

SPECIMEN BOTTLE(S)/TUBE(S) RELEASED TO:
☐ UPS    ☒ FedEx
☐ Other _____
Name of Delivery Service

**STEP 5: COMPLETED BY DONOR**

I certify that I provided my urine specimen to the collector; that I have not adulterated it in any manner; each specimen bottle/tube used was sealed with a tamper-evident seal in my presence; and that the information provided on this form and on the label affixed to each specimen bottle/tube is correct.

X _____
Signature of Donor

Email address: srandolp@asu.edu        Daytime Phone No. N/P

Sebastian T Randolph        4/14/2025
(PRINT) Donor's Name (First, MI, Last)   Date (Mo/Day/Yr)

Evening Phone No. 6027367383   Date of Birth 8/25/1962
(Mo/Day/Yr)

After the Medical Review Officer receives the test results for the specimen identified by this form, he/she may contact you to ask about prescriptions and over-the-counter medications you may have taken. Therefore, you may want to make a list of those medications for your own records. THIS LIST IS NOT NECESSARY. If you choose to make a list, do so either on a separate piece of paper or on the back of your copy (Copy 5). – DO NOT PROVIDE THIS INFORMATION ON THE BACK OF ANY OTHER COPY OF THE FORM. TAKE COPY 5 WITH YOU.

**STEP 6: COMPLETED BY MEDICAL REVIEW OFFICER - PRIMARY SPECIMEN**    ☒ URINE    ☐ ORAL FLUID

In accordance with applicable federal requirements, my verification is:

☐ NEGATIVE    ☐ POSITIVE for: _____
☐ DILUTE

☐ REFUSAL TO TEST because - check reason(s) below:
☐ ADULTERATED (adulterant/reason): _____
☐ SUBSTITUTED
☐ OTHER: _____

☐ TEST CANCELLED

REMARKS: _____

X _____
Signature of Medical Review Officer

_____
(PRINT) Medical Review Officer's Name (First, MI, Last)

___/___/___
Date (Mo/Day/Yr)

**STEP 7: COMPLETED BY MEDICAL REVIEW OFFICER - SPLIT SPECIMEN**

In accordance with applicable federal requirements, my verification for the split specimen (if tested) is:

☐ RECONFIRMED for: _____
☐ FAILED TO RECONFIRM for: _____

☐ TEST CANCELLED

REMARKS: _____

X _____
Signature of Medical Review Officer

_____
(PRINT) Medical Review Officer's Name (First, MI, Last)

___/___/___
Date (Mo/Day/Yr)

COPY 3 – COLLECTOR COPY

# EXHIBIT D

11



## Test Request#: 17556443

FormFox Test ID:



101052238

04/08/2025 16:50

**Collection Facility:** Concentra Phoenix eCCF
5340 W Buckeye Rd Ste 3
PHOENIX,AZ 85043
Phone: (602) 233-2117
Fax: (602) 484-7930
Hours: Mon-Fri 8:00am-5:00pm

**MRO:**

Dr. Andrew Holtz D.O.
2200 South Main Street Suite 475
SALT LAKE CITY UT 84115
Phone: (801) 503-3400
Fax: (385) 549-8700

**Lab:**

Clinical Reference Laboratory
8433 Quivira
LENEXA KS 66215
Phone: (800) 452-5677
Fax: (800) 733-7214
Lab Account: WOE.DCSS.JBH

**Bill To:**

Workforce QA
Attn: Customer  Support
2200 South Main Street Suite 475
Salt Lake City UT 84115
Phone: (801) 503-3400
Fax: (385) 549-8700

**Company Information:**

JB Hunt
615 JB Hunt Corp
 Drive
LOWELL AR 72745
DER: Brendan Long
Phone: (479) 419-3835
Fax: (479) 379-6877

**Donor Information:**

Sebastian Randolph
CDL: AZD04875904
Phone: (602) 736-7383
DOB: 08/25/1962

**Location Information:**

Direct to Work

## SERVICES TO BE PERFORMED:

1. DOT-Drug Screen

Reason: Pre-employment
Scheduled Date: 04/15/2025 00:00
**Testing Authority: FMCSA(Trucking)**

All drug screens must be collected with split sample.

## SERVICE NOTES:

To be paid for services performed you must submit all paperwork ASAP to (email) documents@wfqa.com or (fax) (385)-549-8700.

Invoices must be submitted within 60 days of services provided to be eligible for payment.

**SPECIAL REMARKS:**

If you have any questions or cannot start/complete a collection, please contact WFQA at 888-445-9479 for assistance.

**Special Instructions for alcohol tests:  J.B. Hunt has a zero tolerance policy for alcohol and drugs. If a DOT Breath Alcohol screen tests shows any level of alcohol below 0.02, complete the DOT test with a negative result. Then immediately conduct a company policy test with a confirmation test. If any detectable level of alcohol is present, report that test result to the Designated Employer Representative.**

**The Below Information Is to be Read and Acknowledged by the Donor for all Drug and Alcohol Tests**

 I acknowledge that I have been informed to take a drug and/or alcohol test. I understand that I must report to the designated test site immediately and that I may not delay in doing so for any reason. I also understand that once at the designated test site, I may not leave until the test is complete and I have been released  by the test site representative. Failure to do the above will be counted as a refusal to test and will result in denial of employment or termination  of current employment. If anything interferes with my ability to comply,  I must notify the Corporate Safety - Claims department immediately at 1-800-723-9029.  The notification does not automatically release me from my obligation to  test. I must follow the instructions of the Claims representative exactly  and my actions prior to the call or after the call may still constitute  refusal. I authorize J.B. Hunt or Transplace to provide my address and phone number to a Substance Abuse Provider organization as necessary to fulfill the  DOT-49 CFR Part 40.287.

Attention: The following instructions are to be complied with, if you are a DRIVER and are instructed to visit any clinic for a drug screen, physical re-cert, or a breath alcohol test, YOU must log this as ON-DUTY time.

JB Hunt



# EXHIBIT B

14

# Conditional Offer of Employment

Orientation Location : Intermodal - Glendale/Phoenix AZ

A conditional offer has been made for the position of J.B. Hunt Driver to Randolph, Sebastian on 4/8/2025.

The offer is conditional upon possessing a valid DOT Medical Certificate, passing a pre-employment background check, passing pre-employment drug screen(s) and completing a post-offer physical performance exam/baseline test.

J.B. Hunt Transport, Inc.

https://jbhuntcdp.powerappsportals.com/



## Pre-employment test for JB Hunt - Sebastian Randolph

1 message

**tpaservices@wfqa.com** <tpaservices@wfqa.com>                    Tue, Apr 8, 2025 at 2:50 PM
To: srandolp@asu.edu

Please find the attached test request.

📄 **TR_17556443.pdf**
19K

# EXHIBIT F

12

## New SAP Referral- SR

**SAP Doctors** <drsapdge@gmail.com>                                    Sun, Apr 20, 2025 at 1:43 PM
To: Shantal <schilderssap@gmail.com>
Cc: Sebastian Randolph <srandolp@asu.edu>

Hi Shantal,

You will be requested in the clearinghouse (if applicable), please accept prior to starting the evaluation. Attached is the employee form for Sebastian's SAP evaluation. Please reply to this email with the Zoom video link or Google meets video link for tomorrow's appointment 4:30pm (7:30pm EST). Additionally, send me the time and date for the follow-up appointment. Thanks

F 183

## EMPLOYEE INFORMATION- SAP

| | |
|---|---|
| Name: | **Sebastian Randolph** |
| Address: | **4746 S 29th Terrace, Phoenix, AZ 85040** |
| Cell Phone: | **(602) 736-7383** |

| DOB: | SS# (Last 4): |
|---|---|
| **08/25/1962** | **2739** |

## VIOLATION INFORMATION

| | |
|---|---|
| What was the violation? | **Hair Tested positive for Cocaine** |
| Date of incident (reported and confirmed in clearinghouse): | **4-14-2025** |

### Tested Positive for:

| | | | |
|---|---|---|---|
| | Alcohol | Testing level of: | **Hair Sample** |
| **Yes** | Drugs **Positive for Cocaine** | Specify: | **Cocaine** |

### REASON FOR TEST (Check which applies to both sides)

| | | | |
|---|---|---|---|
| **XXX** | Pre-Employment | **XXX** | FMCSA (Federal Motor Carrier Safety Administration) |
| | Post-accident | | FRA (Federal Railroad Administration) |
| | Random | | FTA (Federal Transit Administration) |
| | Reasonable Suspicion | | FAA (Federal Aviation Administration) |
| **XXX** | Return-to- duty | | RSPA (Research & Special Programs) |
| | Follow- up | | USCG (United States Coast Guard) |

### EMPLOYER INFORMATION (fill out as much as posible)

| | |
|---|---|
| Current Employment Status: | |
| Employer: | **JB Hunt** |
| Address: | **P.O. Box 859, Lowell, AR 72745** |

| | | | |
|---|---|---|---|
| DER (Supervisor): | **Martin Barroso** | Title: | **Recuiter** |
| Requested by: | | Title: | |
| Phone: | **(479) 450-3010** | Fax: | |

Notes to SAP: **I, Sebastian Randolph, declare under the penalty of perjury, that I am not a Cocaine user, and have not ingested Cocaine knowingly or intentionally. I did come in contact with the drug on March 21, 2025, by taste, on my tongue to determine the drug a family member was using while staying at my home.**

F28²



Sebastian Randolph <srandolp@asu.edu>

## New SAP Referral- SR

**Shantal** <schilderssap@gmail.com>                                    Mon, Apr 21, 2025 at 5:41 PM
To: Sebastian Randolph <srandolp@asu.edu>, Veronica King <office@dgepsychologicalservices.com>

Sebastian,

The appointment was scheduled for today at 7:30 pm EST which would have been 4:30 pm your time.

Additionally, I did not receive an email concerning your DOT Clearinghouse. However, I have attached Dr. King on this email who may can assist.

However, you will need to select me as your SAP in your Clearinghouse prior to us completing your assessment. Also, there is a $50 no show fee for the missed appointment today. You can pay that with Dr. King prior to rescheduling your appointment.

Please let me know if you have any questions.

Shantal Childers, MS, CADC II, CCS, DOT-SAP
Clinical Evaluator and Addiction Specialist

[Quoted text hidden]

E 3-3

# EXHIBIT G

13

Case 2:25-cv-03804-SMB    Document 1    Filed 10/15/25    Page 27 of 29



Sebastian Randolph <srandolp@asu.edu>

# New SAP Referral

4 messages

**SAP Doctors** <drsapdge@gmail.com>           Sun, Apr 20, 2025 at 10:17 AM
To: srandolp@asu.edu

Pleasure to speak to you!

Please email OR text (computer/phone print or fill out with phone art) back the following documents:

\*Completed "Employee Information" form (Attached)- only put the last four of ss on the form only
\*Signed refund policy (DGE refund policy-attached)

Thanks!

**2 attachments**

📎 **SAP Employee Information- DGE SRVC.doc**
   97K

📎 **SAP REFUND POLICY-DGE SRVC.doc**
   220K

**Sebastian Randolph** <srandolp@asu.edu>         Sun, Apr 20, 2025 at 10:40 AM
To: SAP Doctors <drsapdge@gmail.com>

Ok
[Quoted text hidden]

**Sebastian Randolph** <srandolp@asu.edu>         Sun, Apr 20, 2025 at 12:13 PM
To: SAP Doctors <drsapdge@gmail.com>

Dear SAP Doctors, Please find attached a signed copy of SAP Employee Information Sheet.
[Quoted text hidden]

📎 **Signed SAP.pdf**
   328K

**SAP Doctors** <drsapdge@gmail.com>          Sun, Apr 20, 2025 at 1:03 PM
To: Sebastian Randolph <srandolp@asu.edu>

Received, thanks!
[Quoted text hidden]

6 193





# DGE Psychological Services

## ACKNOWLEDGEMENT OF REFUND POLICY

Please initial next to each statement indicating that you have read, fully understand, and are in agreement with DGE Psychological Services refund policy.

SR___ DGE Psychological Services, does not provide refunds under any circumstances. All sales and monetary transactions are final and non-refundable.

SR___ Any money to DGE Psychological Services, via a debit or credit card online or over the phone will not be returned or refunded to me or any of my representatives or affiliates.

SR___ Any payment dispute placed by me or an affiliate who made payment on my behalf will void any and all confidentiality rights and any and all relevant information can and will be released to the financial institution (bank, credit card company, etc.) and/or any other involved parties to resolve the dispute.

SR___ Money that I or one of my representatives/affiliates gives to DGE Psychological Services, for one particular service or good cannot be used for a different service or good.

SR___ I acknowledge the late cancellation fee (less than 24 hours) of $50 (final and non-refundable) and I am aware that it has to be paid before rescheduling or completing the full evaluation.

---

I Sebastian Randolph ___ have read and fully understand DGE Psychological
(Print Client Name or Legal Guardian) Services, refund policy.

*Sebastian Randolph*                                            __4/20/2025__

Client or Legal Guardian Signature                              Date

G2g3

DGE Psychological Services
362 Devoe Ave Unit#473
Bronx, NY 10460-9400

DGE
Psychological
Services



# Invoice

Bill to
Sebastian Randolph

Client
Sebastian Randolph
(602) 736-7383
srandolp@asu.edu

Invoice
#5364
Issued: 04/20/2025
Due: 05/20/2025

Provider
Veronica King
Tax ID: 922935574
NPI: #1750856506
(914) 269-8882
office@dgepsychologicalservices.com

| Date | Description | Amount |
|------|-------------|--------|
| 04/20/2025 | Initial client balance | $505.00 |

| | |
|-----|-----|
| Subtotal | 505.00 |
| Total | 505.00 |
| Amount Paid | 505.00 |
| Balance | $0.00 |

Make Payments to: DGE Psychological Services

G 3 9 3